POMALES, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama.

No. 142.—Decided June 2, 1913.

INHERITANCE—RECORD OF TITLE—TRANSFER OF TITLE—RECORD IN NAMES OF HEIRS.—Except in cases of vacant inheritances, property sold or awarded by

judicial proceedings for the payment of debts and appearing recorded in the name of the ancestor, should be recorded in the names of the heirs of the debtor before it is recorded in the name of the vendee or grantee.

DESCRIPTION OF PROPERTY—CURABLE DEFECT.—When the boundaries stated in the deed are different from those appearing in the registry, but the number of *cuerdas* and the municipal district and ward are identical, the defect as to boundaries should be considerd as curable.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action brought in the Municipal Court of Salinas by Maximino Pomales against the Succession of Pedro García to recover the sum of $425 due from García to the plaintiff, judgment was rendered against said succession for the amount claimed. A writ was issued to the marshal of said court for the execution of the judgment and a rural property of 28 *cuerdas* was sold thereunder to Pomales at public auction on March 15, 1913, for the sum of $100 in part payment of the amount recovered, the property being transferred by a deed of sale executed by the marshal before Notary Celestino Domínguez on the same date.

Upon being presented in the Registry of Property of Guayama for record, the registrar refused to record the deed, a literal copy of his decision being as follows:

"Admission of the foregoing document is denied because the property is not recorded in the name of the defendant succession and because the boundaries stated in the title do not agree with those noted in the registry. Entry of the refusal is made on folio 5 of the fifth volume of Salinas under letter A and is effective for 120 days in accordance with the Act of March 1, 1902. Guayama, April 2, 1913.

"The Registrar,

"FELIPE CUCHÍ ARNAU."

An appeal was taken from the foregoing decision by the attorney for Maximino Pomales.

In deciding the administrative appeal of *Pasalacqua Her-*

*manos & Co.* v. *The Registrar of Property of Caguas,* 6 P. R. R., 87, we stated that it was "established as doctrine and jurisprudence by the General Board of Directors of Registries of Property, save only in cases of inheritances not yet occupied, that property sold or awarded by judicial process in payment of debts should be recorded in the name of the heirs of the debtor before entering the same in favor of the vendee or grantee," and we applied this doctrine in deciding the administrative appeal of *Natalio Figueroa Irirarri* v. *The Registrar of Property of San Germán,* 18 P. R. R., 255.

It is not shown in the aforesaid deed whether the names of the parties who composed the Succession of Pedro García were set forth in the complaint, or in what manner they were summoned in the suit, or whether they entered appearance therein, or whether or not judgment was entered by default. It is not shown that the action was brought against a vacant inheritance, hence the property should be recorded first in the name of the heirs of García in order to be recorded subsequently in the name of the vendee.

The Royal Order of July 22, 1896, issued at the request of the Mortgage Bank of Madrid and communicated directly to the General Directorate of Registries of Property, ordering that in cases of sale or adjudication of mortgaged realty by virtue of foreclosure proceedings instituted by the mortgage creditor against the heirs of the debtor or a third party, a previous record in their names is not necessary in order that the deed of sale or the certificate of adjudication may be recorded, is not applicable to the case at bar as it does not contain all the circumstances set forth in said royal order.

The decision appealed from is sustained as to the first ground therein stated.

In regard to the second, the property sold is described in the deed as follows:

"A piece of land composed of twenty-eight *cuerdas* in the ward of Quebrada Yeguas of this municipality, bounded on the north by

lands of Clemente Rodríguez and Nicolás Sanabria, its present boundaries being the following:

"On the north and west by lands of Arístide Capó; on the south by lands of Tomás Bernardini de la Huerta; and on the east by a ravine and lands of Juan Pomales. The said property is recorded on page 5 of volume 5 of Salinas and numbered two hundred and three, first entry."

And the property recorded according to the certificate issued by the registrar appears in the registry under No. 213 on the fifth page of the fifth volume of Salinas in the name of Pedro García, and is shown to be bounded as follows: On the north by lands of Manuel Pomales, now of his widow, Adela Navarro; on the south by lands of Clemente Rodríguez; on the east by lands of Gabriel Sanabria, now belonging to Manuel Cintrón; and on the west by the property of Tiburcio and Trinidad Rivera.

It must be admitted that the boundaries of the property as shown in the deed are different from those recorded in the registry, but as the number of *cuerdas* as well as the name of the municipal district and ward are identical, the inference is that the same property is referred to in both cases, hence the defect as regards boundaries should be considered as curable.

Therefore, the decision appealed from should be affirmed on the strength of the first legal ground thereof and not on the second.

*Affirmed in part.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.